MICHAEL J. CIEKLINSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cieklinski v. Commissioner
Docket No. 24626-85.
United States Tax Court
T.C. Memo 1986-367; 1986 Tax Ct. Memo LEXIS 240; 52 T.C.M. (CCH) 158; T.C.M. (RIA) 86367; August 11, 1986. Michael J. Cieklinski, pro se. Patricia Beary, for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) of the Code [1] and Rule 180. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the taxable years 1979 and 1980 as follows: Additions to Tax
Year
Deficiency
Section 6651(a) Section 6653(a)
1979
$1,319.00
$103.25
$65.95
1980
5,137.00
998.25
256.85
The issues for decision are (1) whether petitioner reported his wage income earned during *241 1979 and 1980; (2) whether petitioner is liable for the addition to tax for delinquency; and (3) whether petitioner is liable for the addition to tax for negligence or intentional disregard of rules and regulations. During each of the years involved, respondent received Forms W-2 showing that petitioner received $10,677 of income from wages during 1979, and $23,524 of income wages during 1980. Respondent also determined that petitioner failed to file an income tax return for each of the years at issue. Petitioner does not dispute respondent's determination that he received the wage income, but contends that he filed an income tax return for 1979 and 1980 and reported these amounts as income. At the trial of this case petitioner had no documentation to support his allegation that he did file the income tax returns in dispute with the Ogden Service Center, Ogden, Utah. To accommodate petitioner the record was left open to allow petitioner time to secure file copies of his returns and any other documentation that would support his claim that the returns were filed. Petitioner failed to submit any evidence that he filed income tax returns for 1979 and 1980. Petitioner bears the *242 burden of proof to show that respondent's determination is in error. . Here, petitioner's only evidence that the returns in question were filed is his self-serving statement. Respondent's evidence shows that returns were not filed for 1979 and 1980 with the Ogden Service Center. Petitioner's self-serving statement is clearly insufficient to support his position and to overcome the presumptive correctness of respondent's determination. This is especially true in view of respondent's affirmative proof that income tax returns were not filed. , affd. per curiam . Petitioner also has the burden of proof to show that respondent's determination that he is liable for the additions to tax for delinquency and negligence or intentional disregard of rules and regulations under sections 6651(a) and 6653(a) was in error. and . Under section 6651(a) petitioner must show that his failure to file his income *243 tax returns for 1979 and 1980 was due to reasonable cause. Also, pursuant to section 6653(a), petitioner must show that the underpayment of tax for each of the years 1979 and 1980 was not due to his negligence or intentional disregard of rules and regulations. Petitioner's only evidence with regard to these issues was his testimony that he filed his returns and paid the taxes due thereon. Based on the record in this case we have concluded that petitioner failed to file the returns in dispute. Since petitioner failed to offer any evidence to show that the returns were not filed due to reasonable cause and that he was not negligent with regard to the underpayment of his taxes for each of the years at issue, he has failed to meet his burden of proof. Accordingly, we sustain respondent's determination that petitioner is liable for the additions to tax under sections 6651(a) an 6653(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩